IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CLEOPATRA JONES, on behalf of herself and all others similarly situated,    )<br>)<br>)<br>      Plaintiff,                                                )<br>)<br>v.                                                                   )<br>)<br>SONIC AUTOMOTIVE, INC. and SONIC-  )<br>MONTGOMERY FLM, INC., d/b/a             )<br>FRIENDLY FORD LINCOLN MERCURY, )<br>*et al.*                                                            )<br>)<br>      Defendants.                                          ) | CASE NO. 2:04-cv-692-F<br>                WO |

## **ORDER AND MEMORANDUM OPINION**

This case arises out of Defendants' failure to notify Cleopatra Jones ("Jones") upon rejection of her application for automobile financing that an adverse action had been taken against her based upon her credit report. Jones filed an Amended Complaint on July 6, 2004, alleging violation of the Fair Credit Reporting Act ("FCRA") (Count I) and seeking Declaratory Judgment (Count II) against both Defendants.

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), as the plaintiff's claims are brought pursuant to the FCRA, 15 U.S.C. § 1681, *et seq.* This case has been transferred to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a), where venue is proper under 28 U.S.C. § 1391(b)(1) and (c). The parties do not contest personal jurisdiction.

This cause is presently before the Court on the Defendants' Motion to Dismiss Count

II of the Amended Complaint (Doc. #22), filed August 20, 2004. The sole issue before the Court is whether equitable relief is available to private litigants under the FCRA.

Several courts, including the Fifth Circuit Court of Appeals, have held that the FCRA does not authorize equitable relief to private litigants. *See Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000); see also *Mangio v. Equifax,* Inc., 887 F. Supp. 283, 284-85 (S.D. Fla. 1995); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 339-40 (N.D.Ill. 2002); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 526-26 (E.D. Va. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1338 (D. Utah 1997); *Kekich v. Travelers Indem. Co.*, 64 F.R.D. 660, 668 (W.D. Pa. 1974). Conversely, courts, including the Seventh Circuit Court of Appeals, have at least implied that FCRA does permit the awarding of equitable relief to private parties. *See Crabill v. Trans Union, LLC*, 259 F.3d 662, 644; *see also Greenway v. Info. Dynamics, Ltd.*, 399 F. Supp. 1092, 1096-97 (D. Ariz. 1974). Although the Eleventh Circuit Court of Appeals has not addressed this issue, this Court agrees with the well-reasoned opinion of *Mangio* and concludes that the FCRA does not authorize equitable relief to private parties.

The FCRA allows credit reporting agencies to compile data about each consumer into credit reports and permits access to anyone with a "legitimate business need for the information . . . in connection with a business transaction that is initiated by the consumer." 15 U.S.C. § 1681b(a)(3). In part to increase the accuracy of consumer credit reports, the FCRA requires anyone who takes an "adverse action" against a consumer based on

information in a credit report to give the consumer notice.  15 U.S.C. § 1681m.  Such notice must include (1) notice of the adverse action, (2) the name and contact information of the credit reporting agency, (3) notification that the consumer has the right to a free copy of his or her credit report, and (4) notification that the consumer has the right to dispute the accuracy of any information contained in the report.  *Id.*

Individuals may sue credit agencies that willfully or negligently fail to comply with FCRA requirements for actual damages, costs, reasonable attorney's fees and punitive damages, if applicable.  15 U.S.C. §§ 1681n, 1681o.  The FCRA provides that the Federal District Courts have jurisdiction over any "action to enforce any liability created under this subchapter."  15 U.S.C. § 1681p.  In this case, Jones asks not only for monetary damages but also for "an injunction restraining the Defendant, its agents and/or employees from engaging in the illegal practices herein in the future."  (Am. Comp., 7.)

Defendants argue that injunctive relief is not available to Jones under the FCRA because while the FCRA lists types of relief available to individuals, the list does not include injunctive relief.  In contrast, the FCRA specifically allows the Federal Trade Commission (FTC) and other agencies to obtain injunctive relief.  *See* 15 U.S.C. § 1861s(a); 15 U.S.C. § 45(b); 15 U.S.C. § 1861s(b).  Additionally, courts have adopted similar readings of analogous provision of the FCRA and the Fair Debt Collection Practices Act ("FDCPA"), and the Eleventh Circuit has found that FDCPA's very similar provision does not allow private actions for injunctive relief.  *See Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d

3

830, 834 (11th Cir. 1982).

The plain language of the statue authorizes district courts to enforce only "liability" of a credit agency to an individual and does not instruct district courts to insure "compliance."  *See* 15 U.S.C. § 1681p; *see also Mangio*, 887 F.Supp. at 284; *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19 (1979) ("[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."). Instead, the FCRA specifically states that "compliance with the requirements imposed under [the FCRA] shall be enforced under the Federal Trade Commission Act . . . by the Federal Trade Commission."  15 U.S.C. § 1861s(a).  Section 5(b) of the FTCA authorizes the FTC to issue cease and desist orders, which the courts of appeal have exclusive jurisdiction to enforce.  15 U.S.C. § 45(b); *see also Mangio*, 887 F.Supp. at 285 (citing *Equifax v. FTC*, 678 F.2d 1047 (11th Cir. 1982)).  The FTC has specific expertise in balancing a number of factors to determine whether it should, in its discretion, exercise its injunctive power.  *Rush v. Macy's New York, Inc.*, 775 F.2d 1554, 1558 (11th Cir. 1985).  Allowing individuals to wield such power would undermine the discretion vested in the FTC.  *See Mangio*, 887 F.Supp. at 285.

Additionally, the language in the FDCPA, which the Eleventh Circuit has found not to permit injunctive relief to individuals, is practically indistinguishable from the provision of the FCRA. *Id.* at 284-85.  The FDCPA states that a debt collector who violates the act is "liable" to individuals for monetary damage and gives Federal District Courts jurisdiction

over an "action to enforce any liability" under the FDCPA. 15 U.S.C. § 1692-1692o. The Eleventh Circuit stated that "The relief sought is money damages. . . . Indeed, equitable relief is not available to an individual under the civil liability section of the Act." *Sibley*, 677 F.2d at 834.

Therefore, because the FCRA provides that the FTC is to insure compliance and excludes equitable relief from the relief provided for individuals, as well as because the Eleventh Circuit has held that equitable relief is not available to individuals under a nearly identical provision of the FDCPA, injunctive relief is not available to Jones under the FCRA. Accordingly, the Defendant's Motion to Dismiss (Doc. #22) is GRANTED and Jones's claim for equitable relief under the FCRA is DISMISSED.

DONE this 22nd day of April, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE