IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLEOPATRA JONES, *et al*., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:04-CV-692-F |
| | ) | WO |
| SONIC AUTOMOTIVE, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff Cleopatra Jones brings claims in this case alleging that Defendant Sonic-Montgomery FLM, Inc., failed to provide her with the notice required by the Fair Credit Reporting Act when it took adverse action against her based in whole or in part on information contained within her credit report.  This cause is before the Court on Plaintiff's Second Motion to Amend Complaint (Doc. #62), filed March 17, 2005.  In this Motion, Cleopatra Jones ("Jones") seeks leave of Court to amend her complaint three and a half months after the December 3, 2004, deadline to amend pleadings stated in the Uniform Scheduling Order (Doc. #33).[1]  Jones' Amended Complaint stated that the adverse action taken by Sonic-Montgomery FLM, Inc. ("Sonic-Montgomery") was denying the Jones'

---

[1]The Court acknowledges that the March 17 motion was styled as an effort to revise the Plaintiff's Motion for Leave to File Amended Complaint (Doc. #55), filed February 1, 2005. However, because the March 17 motion changes the named defendant instead of simply correcting minor errors in the prior proposed complaint, it cannot be considered merely a revision of an earlier motion.

application for credit.  Jones seeks to amend her complaint a second time to state that the

adverse action taken by Sonic-Montgomery was referring Jones' credit application to HMC,

a sub-prime lender, who approved her application.   Upon consideration of this Motion, the

Court finds that the Plaintiff's Second Motion to Amend Complaint is due to be DENIED.

When a party seeks leave to amend after a court-ordered deadline, that party must

demonstrate "good cause" as required by Federal Rule of Civil Procedure 16(b).  *See Sosa*

*v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).  "This good cause standard

precludes modification unless the schedule cannot be met despite the diligence of the party

seeking the extension."  *Id.* (holding that Sosa did not show good cause to amend complaint

to add party when he gave no reason why he could not have added the party prior to the

deadline).  Jones argues that she has good cause because she was not aware of the true facts

underlying her action until the deposition of the Defendant's corporate representative on

December 14, 2004.[2]  Although Sonic-Montgomery does not claim that Jones had actual

knowledge of the underlying facts prior to that date, which was eleven days after the deadline

for amending pleadings, it argues that Jones could have become aware of the facts prior to

the deadline through diligent effort.

It is undisputed that on October 13, 2004, the Plaintiff received the Defendants' Rule

26(a) initial disclosures, which listed possible third-party lenders – including HMC – who

---

[2]The deposition was scheduled this late in the discovery process because of scheduling
conflicts caused by health issues of the Plaintiff's lead counsel and by Defendants' desire to have
Washington, D.C. counsel present at the deposition.  The Court does not find that either party
was specifically at fault in postponing the deposition.

might have taken action on Jones' credit application. Additionally, on or before October 19, 2004, Jones had a copy of her own credit report, dated February 2, 2004, which indicated that both Sonic-Montgomery and HMC checked Jones' credit during the relevant time frame. While the Court acknowledges that it is the responsibility of the attorney to diligently pursue discovery, the Court finds that Plaintiff's counsel was not required by the good cause standard to investigate HMC merely because its name appeared amidst a sizeable list of names in Defendants' initial disclosures and on the Plaintiff's credit report, in light of the fact that Jones' understanding of the facts indicated that Sonic-Montgomery, not a third-party lender, had taken the adverse action against her. Therefore, because Jones did not become aware of the relevant information until *after* the deadline to amend had passed, she has demonstrated good cause for her failure to move to amend her complaint prior to the deadline.

However, even if a plaintiff demonstrates good cause as required by Rule 16(b), that party must also satisfy the requirements of Federal Rule of Civil Procedure 15(a), which provides that "leave [to amend] shall be freely given when justice so requires." The Supreme Court has explained that this means that parties should be permitted to amend pleadings "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Tech. Res. Serv., Inc. v. Dornier Med. Sys., Inc.*,

134 F.3d 1458, 1463 (11th Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In *Technical Resources*, the court held that an amendment requested in January of 1993 was not proper when the plaintiff was on notice of the availability of the claim in September of 1992, especially because discovery was completed in the interim. *See* 134 F.3d at 1464. The court noted that the new claim "would have increased the complexity of an already complex lawsuit, and probably would have required that discovery be reopened," relying on the duel reasons of undue delay and undue prejudice to conclude that the district court did not abuse its discretion by denying the motion to amend. *Id.*

The Eleventh Circuit also upheld a district court's refusal to permit a motion to amend in *Jameson v. Arrow Co.*, 75 F.3d 1528, 1535 (11th 1996). In that case, Jameson obtained information necessary to support the amendment in a deposition in March of 1994 but did not move to amend until May of 1994, after the defendant had filed a motion for summary judgement. The court found that the "considerable delay in seeking to amend the complaint for the third time, coupled with the request to amend subsequent to the filing of the defendant's motion for summary judgment,"[3] meant that the motion to amend should not have been granted. *Id.* at 1535.

In this case, as in *Technical Resources* and *Jameson*, the Plaintiff's amendment is not

---

[3]In that case, there were allegations that the plaintiff had been aware of the basic facts supporting the new claim in November of 1993, and that the complaint had already been amended several times. The Court finds that these facts do not make it materially distinguishable from this case.

justified under Rule 15(a) because of undue delay and undue prejudice to the defendant. Jones became aware that she had wrongly alleged the facts in her complaint, at the latest, at the December 14, 2004 deposition of the Defendant's representative.  On January 4, 2005, Jones filed with the Court a First Motion to Certify Class (Doc. #37), which was premised on the new facts; yet, Jones did not file a motion to amend her complaint at this time.  It was not until February 1, 2005, that Jones moved to amend her complaint to reconcile it with the newly discovered facts.  In the interim, Defendants filed a Motion for Summary Judgment (Doc. #51), on January 25, 2005.

Moreover, for unknown reasons, the Plaintiff's proposed amended complaint named only Sonic Automotive, Inc. as a defendant, who has since been dismissed from this case. It was not until March 17, 2005, that Jones moved for leave to file an amended complaint that incorporated both the correct facts and the proper defendant.  It is undisputed that Jones has been aware of Sonic-Montgomery since almost the inception of this case, as she previously moved to and was permitted to amend her complaint on July 7, 2004 for the express purpose of adding Sonic-Montgomery FLM, Inc. as a defendant.

The Court held a hearing on the Motion to Amend in this case on April 26, 2005.  At that time, the Plaintiff was given the opportunity to explain the reason for the delay between becoming aware of the correct information and attempting to amend her complaint but failed to do so.  Therefore, the Court finds that Jones' decision to wait until March of 2005, after the Defendant had moved for summary judgment, to move to amend her complaint

constitutes unjust delay and undue prejudice to the defendant.  Allowing Jones to amend her complaint at this time would allow her to proceed on a new legal theory, would make the case more complicated, and would require continuing the trial setting.  Thus, for the reasons stated above, it is hereby ORDERED as follows.

(1)  The Plaintiff's Second Motion to Amend Complaint (Doc. #62) is DENIED.

(2)  The Plaintiff's First Motion to Certify Class (Doc. #37) is DENIED, as it is premised on facts and requests certification of a class premised on the newly discovered facts.  The Court finds that Plaintiff is not a typical or representative member of this requested class as required by Rule 23(a)(3).

(3)  The Defendants' Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Doc. #71) is GRANTED because the motion requests summary judgment on the claim in the proposed amended complaint, which is not properly before this Court.

(4)  The Plaintiff's Motion for Partial Summary Judgment (Doc. #68), the Plaintiff's Brief/Memorandum in Support (Doc. #69), and the Plaintiff's Evidentiary Submission in Support (Doc. #70) are STRICKEN.

DONE this 2nd day of May, 2005.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE