IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLEOPATRA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:04-cv-692-F |
| | ) | (WO) |
| SONIC AUTOMOTIVE, INC. and SONIC- | ) | |
| MONTGOMERY FLM, INC., dba Friendly | ) | |
| Ford Lincoln Mercury, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This suit arises out of Defendant Sonic-Montgomery FLM, Inc.'s failure to provide Plaintiff Cleopatra Jones ("Jones") with notice pursuant to the Fair Credit Reporting Act when it allegedly took adverse action against her based on information contained within her credit report. The case is currently before the Court on the Defendant's Motion for Summary Judgment (Doc. #51), filed January 25, 2005. For the reasons set forth below, the Motion for Summary Judgment is due to be GRANTED.

**I. JURISDICTION AND VENUE**

Jurisdiction over this matter exists pursuant to 28 U.S.C. § 1331, federal question jurisdiction, as Plaintiff brings claims pursuant to 15 U.S.C. § 1681 *et seq.* The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations of each.

**II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT**

Summary judgment may be entered on a claim only "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Once the movant meets its initial burden, the burden then shifts to the nonmovant to make "a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). To satisfy this burden, the nonmovant cannot rest on its pleadings, but must, by affidavit or by other means, set forth specific facts showing that there is a genuine issue for trial. Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-

2

movant." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 919 (11th Cir. 1993).

The court's function in deciding a motion for summary judgment is to determine whether there exists genuine, material issues of fact to be tried; and if not, whether the movant is entitled to judgment as a matter of law. *See Dominick v. Dixie Nat'l Life Ins. Co.*, 809 F.2d 1559 (11th Cir. 1987). It is substantive law that identifies those facts which are material on motions for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 258 (1986).

When a court considers a motion for summary judgment, it is to refrain from deciding any material factual issues. All evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996); *Early*, 907 at 1080.

### III. FACTUAL BACKGROUND

When viewed in the light most favorable to the Plaintiff, the facts are as follows. Sonic-Montgomery FLM, Inc. d/b/a as Friendly Ford Lincoln Mercury ("Friendly Ford") is an Alabama corporation that operates a car dealership in Montgomery, Alabama. Friendly Ford sells new and used vehicles, but does not provide financing or make credit decisions. When a customer seeks financing for the purchase of a vehicle, Friendly Ford forwards the customer's credit application to one or more third-party lenders who then decide whether and on what terms to extend credit to the customer.

In September of 2003, Jones telephoned Friendly Ford, expressing interest about a Toyota Camry she had seen in a newspaper advertisement. She was encouraged to come to the dealership even though she stated that she had recently experienced bankruptcy. Jones came to the dealership and met with a salesman. Jones looked at the Camry and agreed to purchase it at list price ($6,700) subject to approval of financing. With the salesman's assistance, she completed a credit application and provided verification of her address, her sources of income, and her discharge in bankruptcy. The salesman said he would call her when a credit decision was made.

Friendly Ford obtained a copy of Jones' consumer credit report from Equifax. Friendly Ford used this information to select an appropriate lender and sent Jones' credit application to HMC Finance Corp. ("HMC") on September 24, 2003. HMC approved Jones' application for financing regarding the purchase of the Toyota. The salesman called Jones and asked her to return to the dealership. Jones returned to the dealership the day following her first visit.

On her second visit to Friendly Ford, a salesman[1] told Jones that he could not get her into the Toyota but that, based on her down payment, he could get her into a Chevrolet Cavalier. He did not explain why he could not get Jones into the Toyota and did not inform her that her credit application had been approved. Jones states that she took his statement to mean that her credit application had been denied. Jones test drove the Chevrolet Cavalier

---

[1] While it appears from the portions of the Plaintiff's deposition before the Court that she spoke with the same salesman on both visits to Friendly Ford, the record is unclear.

but left the lot without purchasing a vehicle because she was not interested in any car other than the Toyota Camry.

Jones had no further communication with Friendly Ford. At no time did Friendly Ford give notice that it had taken adverse action against her based on information contained in her credit report. Friendly Ford states that it does not send such notices because it does not take actions that are adverse within the meaning of the Fair Credit Reporting Act. Friendly Ford's company policy prevents salespersons from having access to credit reports or making any decisions based on credit.

Jones filed this suit on April 16, 2004, alleging willful violation of the Fair Credit Reporting Act.

## IV. DISCUSSION

The Fair Credit Reporting Act ("FCRA") provides that "any person [who] takes adverse action[2] with respect to any consumer that is based in whole or in part on any

---

[2] The FCRA states that the term "adverse action"
    (A) has the same meaning as in section 1691(d)(6) of this title; and
    (B) means -
        ****
        (iv) an action taken or determination that is -
            (I) made in connection with an application that was made by, or a transaction that was initiated by, any consumer, or in connection with a review of an account under 1681b(a)(3)(F)(ii) of this title; and
            (ii) adverse to the interests of the consumer.

15 U.S.C. § 1681a(k)(1). The Equal Credit Opportunity Act ("ECOA"), to which the FCRA refers, defines adverse action as "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

information contained in a consumer report" must provide notice of the adverse action to the consumer and provide certain information about the consumer reporting agency that furnished the report. 15 U.S.C. § 1681m. It is undisputed that Friendly Ford did not provide Jones with notice under the FCRA. *See* Frakes Dep., 75 ("we have never sent an adverse action letter to Cleopatra Jones, as we have never sent an adverse action letter to anyone"). However, Friendly Ford argues that it was not required to provide Jones with such notice because it did not take an adverse action against her based on information contained in her credit report. (Mem. in Supp. of Mot. for Summ. J., 6-9.) Conversely, Jones argues that Friendly Ford took adverse action based on information contained in her credit report when the salesman informed her that they could not get her into the car she had selected. (Br. in Opp'n to Summ. J., 8.)

Even assuming that the salesman's statement constituted an adverse action under the FCRA, Jones' claim fails because she has not demonstrated that this action was "based in whole or in part on any information contained in a consumer report" as required under 15 U.S.C. § 1681m. *See Kirk v. Kelley Buick of Atlanta*, 336 F. Supp. 2d 1327, 1334 (N.D. Ga. 2004) (granting summary judgment where "plaintiff has provided no evidence that the defendants [sic] failure to extend Mr. Kirk credit was based on information contained in his consumer report"); *see also Castro v. Union Nissan, Inc.*, 2002 WL 1466810, *4 (N.D. Ill. 2002) (noting that the "real hole in the Castor's claim" was that "there is no indication that Union Nissan repossessed the car due to the condition of the Castros' credit reports"); *Treadway*

6

*v. Gateway Chevrolet, Oldsmobile, Inc.*, 2002 WL 554513, *1 (N.D. Ill. 2002) (dismissing the FCRA claim because there was no basis for the belief that the defendant automobile dealer itself, as opposed to the financing entity, relied on consumer credit report).

The Plaintiff's sole assertion regarding Friendly Ford's use of Jones' credit report is that Friendly Ford obtained the report and reviewed it to select an appropriate lender to whom to forward Jones' credit application. (Br. in Opp'n to Summ. J., 10.) From this fact alone, Plaintiff asserts that "it is reasonable to conclude that the Defendant could not have known that the Plaintiff could qualify for the Cavalier without having used the information in the Plaintiff's consumer report. Thus, there is strong evidence that the Defendant's action was based, at least in part, on information in the Plaintiff's consumer report, which is sufficient to prove the Plaintiff's FCRA claim." (*Id.*, 10-11.)

It is undisputed that Friendly Ford did indeed obtain Jones' credit report in order to assist it in selecting appropriate lenders. (Frakes Dep. 44:14-23; 45:1-23; 46:1-5.) However, this fact alone is insufficient to allow a jury to infer that the unknown events that occurred between HMC's decision to approve Jones' application for credit and the salesman's statement that they couldn't get Jones into the Camry occurred because of a decision made from information contained in Jones' credit report. Certainly, "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). However, "speculation cannot be substituted for proof." *Williamson Oil Co., Inc.*

*v. Philip Morris USA*, 346 F.3d 1287, 1316 (11th Cir. 2003); *see also Kennedy v. Kelly Temp. Servs., Inc.*, 95 F. Supp. 2d 1288, 1293 (M.D. Ala. 2000) ("plaintiff cannot interpose genuine issues of material fact with a mere inference based on speculation and conjecture"). Plaintiff cannot survive summary judgment by merely demonstrating that the possibility exists that Friendly Ford took action against Jones' based on her credit report; instead, she must demonstrate that such an inference can be reasonably drawn from established facts. *See Williamson Oil Co.*, 346 F.3d at 1316. Because Jones has not alleged facts sufficient to support such an inference, the Defendant's Motion for Summary Judgment is due to be GRANTED.

## V. CONCLUSION

In accordance with this Memorandum Opinion, it is hereby ORDERED that the Defendant's Motion for Summary Judgment (Doc. #51) is GRANTED. A Final Judgment will be entered consistent with this Order.

DONE this the 28th day of July, 2005.

                                          /s/ Mark E. Fuller
                                   CHIEF UNITED STATES DISTRICT JUDGE